```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X   Case No. 08 CV-5261
ALETHIA HENRY and JELANI HENRY, Minor,
by ALETHIA HENRY, his mother and
natural guardian,

                        Plaintiff

-against-


THE CITY OF NEW YORK, POLICE
OFFICER SID CAESAR, Shield #6822,
"JOHN DOE #s 1 through 10" (being
unidentified police officers who
were present at plaintiffs' home
at 55 West 129th Street, New York,
New York, on September 14, 2007,

                        Defendants
---------------------------------------X          COMPLAINT
```

Plaintiffs, by their attorneys, LAW OFFICES OF K.C. OKOLI, P.C., complaining of the defendants, allege as follows:

JURISDICTION AND VENUE

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. §1983. The jurisdiction of the Court is invoked to secure the protection and redress the deprivation of rights guaranteed to persons by the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of the Court over these claims is founded on 28 U.S.C. §§1331 and 1343.

1

4.   Venue is proper in this district, based upon the fact that a substantial part of the events or omissions giving rise to the claims asserted herein occurred within the district.

## PARTIES

5.   At all times hereinafter mentioned, plaintiffs, ALETHIA HENRY ("HENRY") and JELANI HENRY ("JELANI") were residents of the County of New York, City and State of New York.

6.   Upon information and belief, at all times hereinafter mentioned, defendant the CITY OF NEW YORK (hereinafter, "City") is a municipal corporation established under and by virtue of the laws of the State of New York.

7.   At all times hereinafter mentioned, defendant OFFICER SID CAESAR (hereinafter, "CAESAR"), was a police officer employed by the New York City Police Department (hereinafter, "NYPD").

8.   Upon information and belief, at all times hereinafter mentioned, defendant JOHN DOE #s 1 through 10 were police officers who were present at the home of the plaintiffs when some or all of the officers entered into the home without plaintiffs' consent on September 14, 2007, and conducted a search therein.

9.   At all times hereinafter mentioned, the City maintained, operated, controlled and supervised the NYPD, as a police department under the City.

10.  At all times hereinafter mentioned, the NYPD employed police officers who performed law enforcement duties for and on behalf of the City within the City's territorial limits,

including the individual defendants named herein.

11. At all times hereinafter mentioned, the individual defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the City and State of New York, and under the authority of their office as police officers.

## STATEMENT OF FACTS

12. On or about September 14, 2007, at approximately 4:00 p.m., JELANI was inside his apartment (Apartment 3A) located at 55 West 129th Street, New York, New York, with Mickey, a friend of his.

13. At that point in time, Plaintiff HENRY was yet to return home from work on that day.

14. At that time, plaintiff JELANI heard a knock on the front door of the apartment and asked "Who is it?".

15. Someone on the other side of the door yelled "Police" and they began banging loud. JELANI was so scared that he ran into his room and felt like jumping out the window because he did not know what to do.

16. Almost immediately, the door of JELANI's room was kicked open by the defendants who came it with their guns drawn. The police officers then yelled on JELANI and Mickey, his friend, to get on the "fucking floor".

17. JELANI and his friend quickly got on the floor and were handcuffed by the defendants. JELANI kept asking what was going on but none of the defendants responded to his question.

18. The defendants then pulled up JELANI and his friend from the floor and sat them on two chairs.

19. When no one would tell JELANI what was going on, JELANI asked the defendants if he could please call his mother, Plaintiff HENRY. The response which JELANI, a minor, got from these defendants was "Sit the fuck down and shut the fuck up".

20. JELANI, who still did not know what was going on, was taken with his friend out of his home into the adjoining hallway where he observed a big dog and other police officers.

21. When JELANI kept asking what was going on and whether he could call his mother, one of the defendants then told him that they had a search warrant for illegal drugs and guns and asked if JELANI had any such items in the apartment. JELANI told them that there were no illegal drugs or guns in his apartment.

22. Two of the defendant police officers stayed with JELANI and his friend in the hallway, while they were still in handcuffs, and about eighth to ten officers went into their apartment and began ransacking the place.

23. Even though JELANI could not see them from where he was, he could hear a lot of noise of things being thrown and breaking. He also observed the apartment after the police officers were done with their business in the apartment.

24. While JELANI and his friend were still outside of his apartment, without the presence of an adult relative or any counsel, the officers began questioning these minors, especially JELANI whose apartment they were searching.

25. One of the defendants told JELANI that they found narcotics in the apartment, and they asked JELANI what the pills which they found in the apartment were for.

26. When JELANI responded that they were for his brother's allergy and asthma, one of the officers commented, "What's wrong with him, is he fucked up in the head?"

27. While JELANI and his friend were still being held in the hallway, one of the officers who were searching the apartment came out and stated that they had found a gun in the apartment. JELANI quickly responded, "How could you find a gun and we don't have any guns".

28. Before the defendants departed, plaintiff HENRY arrived home worried because she had been telephoning to speak with her sons but no one was answering the phone at her home.

29. When plaintiff HENRY arrived and observed what was happening in her home, she asked the defendants what was going on and they told her that they had a search warrant to search the place for illegal drugs and guns.

30. When plaintiff HENRY asked the defendants, "Why are my kids in handcuffs", they kept saying they had a search warrant, and plaintiff HENRY broke down and began crying.

31. When JELANI saw his mother crying, he too began crying.

32. Upon information and belief, on or about September 5, 2007, defendant CAESAR submitted an affidavit to a judge of the Criminal Court of the City of New York, County of New York, in support of an application for a search warrant for 55 West

129th Street, Apartment 3A, New York, New York.

33. Upon information and belief, defendants CAESAR made many material false statements in the aforesaid affidavit. And the search warrant issued thereon contains many material incorrect statements.

34. Plaintiffs herein do not know anyone whose name is Cornell Williams neither do they know any female black whose name is JD Braids.

35. Plaintiffs have never had any illegal drugs or guns in their home at 55 West 129th Street, Apt. #3A, New York, New York.

36. Plaintiffs have never been engaged in illegal drug dealing and have never had any evidence of illegal drug activity in their aforesaid home.

## COUNT 1: 42 U.S.C. §1983
### UNLAWFUL SEIZURE AND EXCESSIVE FORCE

37. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "36" as if fully set forth herein.

38. The defendants violated plaintiff's civil and constitutional rights under the Fourth Amendment by unlawful seizure of the person of JELANI and the use of excessive force in effecting the seizure on September 14, 2007, including placing him in handcuffs for several minutes.

39. By reason of the foregoing, plaintiff has suffered loss an damage.

### COUNT II: 42 U.S.C. §1983 UNLAWFUL SEARCH AND SEIZURE

40. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "39" as if fully set forth herein.

41. Defendants entered and searched plaintiffs' home without their consent, and on the basis of a search warrant which was obtained by reason of material false statements. Said search warrant is illegal, unconstitutional and invalid.

42. During the aforesaid search, defendants destroyed private property belonging to the plaintiffs.

43. By reason of the foregoing, defendants have violated plaintiff's civil and constitutional rights and plaintiffs have suffered loss and damage.

44. Jury trial is demanded for all matters triable by jury.

**WHEREFORE,** plaintiffs request that the Court grant the following reliefs:

a) On COUNT I, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

b) On COUNT II, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

c) Punitive damages against CAESAR and the individual

police officers, in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) each.

    d)    Attorney's fees, and such other or further relief as to this Court shall seem just and proper in the circumstances.

Dated:    New York, New York
           June 9, 2008

                                    /s/ K.C. Okoli
                                    _____
                                    LAW OFFICES OF K.C. OKOLI, P.C.
                                    By: K.C. Okoli, Esq. (KO7222)
                                    Attorneys for the Plaintiffs
                                    ALETHIA HENRY and JELANI HENRY
                                    330 Seventh Avenue
                                    15th Floor
                                    New York, N.Y. 10001
                                    (212) 564-8152